CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/21/2018

JULIA C. DUDLEY, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

THOMAS E. HUNTER,

*Plaintiff*,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

*Defendant*.

CASE NO. 6:17-cv-00025

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on the parties' motions for summary judgment (dkts. 14, 16), the Report and Recommendation ("R&R") of Magistrate Judge Robert S. Ballou (dkt. 21), and Plaintiff's objections to the R&R (dkt. 22). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's motion and grant the Commissioner's motion. Plaintiff filed timely objections, obligating the Court to undertake a *de novo* review of the R&R. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the Objections lack merit, the Court will adopt Judge Ballou's R&R in full.

## I. STANDARD OF REVIEW

"When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied the correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted), and consists of more than "a mere scintilla of

evidence," but may be somewhat less than a preponderance.  *Mastro v. Apfel*, 270 F.3d 171, 176

(4th Cir. 2001).  A district court "do[es] not undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the [ALJ]."  *Craig v. Chater*, 76

F.3d 585, 589 (4th Cir. 1996).  "Where conflicting evidence allows reasonable minds to differ as

to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the

Secretary's designate, the ALJ)."  *Id.*  The reviewing court should not "engage in these exercises

in the first instance."  *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

## II. ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and

claim history in this case, the Court incorporates those portions of the R&R into this opinion.

(*See* R&R 2–3).  By way of summary, Plaintiff applied for supplemental security income under

the Social Security Act because of bulging and herniated disks, emphysema, panic and anxiety

attacks, numbness in his extremities, high blood pressure, and depression.  (R&R 3 (citing R21,

63, and 168)).[1]  His application was denied after the ALJ concluded Plaintiff had the residual

functional capacity to perform light work and was not disabled.  (R&R 3; R25–30).

In determining whether Plaintiff was disabled, the ALJ was required to work through a

five question framework:

> [T]he ALJ asks at step one whether the claimant has been working; at step two,
> whether the claimant's medical impairments meet the regulations' severity and
> duration requirements; at step three, whether the medical impairments meet or
> equal an impairment listed in the regulations; at step four, whether the claimant
> can perform her past work given the limitations caused by her medical
> impairments; and at step five, whether the claimant can perform other work.

---

[1]     The Court denotes citations to the administrative record as "R" followed by the page
number.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).  The parties agree Plaintiff had not been working and had the following severe impairments: obesity, degenerative disc disease, carpal tunnel syndrome, and an open wound of the lower limb.  (R&R 2–3; *see also* R23–24).  The parties also agree that none of these impairments equal a "listed impairment."  (R&R 3; *see also* R25).  But before moving on to Steps Four and Five, the ALJ is required to assess "the claimant's residual functional capacity, which is the most the claimant can still do despite physical and mental limitations that affect her ability to work."  *Mascio*, 780 F.3d at 635 (internal citations and quotations omitted).

Plaintiff objects to the ALJ's conclusion that Plaintiff had the residual functional capacity to perform light work.  The ALJ concluded Plaintiff "can only occasionally climb, balance, stoop, kneel, crouch, crawl, be exposed to vibration and workplace hazards, and operate foot controls with his left lower extremity."  (R&R 3 (citing R25)).  The ALJ also found Plaintiff "must be able to change to a sitting position at will for up to five minutes as needed, to alleviate pain."  *Id.*  Plaintiff objects that these findings and an interrelated "credibility" determination were not supported by substantial evidence.[2]  Plaintiff's motion for summary judgment raised identical arguments, which were rejected by Judge Ballou.  For both the reasons stated below and those ably expressed in Judge Ballou's R&R, Plaintiff's objections will be overruled.

Plaintiff first objects to the ALJ's determination that he was able to perform light work in spite of his carpal tunnel syndrome and inability to stand for long periods of time.  (Dkt. 22 at 1–

[2]	Footnote 9 of Judge Ballou's R&R helpfully summarizes how the Social Security Administration has moved away from using the term "credibility" in an effort to avoid casting aspersions on claimants' character.  Under the new rule, which was not in place at the time of the ALJ's consideration in this case, the Social Security Administration now is tasked with assessing whether claimant's subjective symptom statements are consistent with the record as a whole.  (R&R 9 n.9).  Because the new rule was not retroactive, and the parties continue to use the "credibility" verbiage, this Court will also use the "credibility" formulation.

3).    With respect to the carpal tunnel syndrome, the ALJ summarized medical records demonstrating Plaintiff sought treatment three times over a two month period.  (R27, 323–26, 571, 624–29).  His doctors prescribed a splint, icing, and painkillers.  *Id.*  None of the doctors recommended limitations on Plaintiff's normal behavior and work, despite at least one of them noting Plaintiff was a farmer who worked with his hands.  (R323).  This is further supported by Plaintiff's testimony before the ALJ that it was "mainly [his] foot and [his] back" that limited his work.  (R47).  In light of the ALJ's recognition of this conservative course of treatment, and the Plaintiff's focus on his other illnesses, the residual functional capacity restrictions concerning exposure to vibration and workplace hazards adequately addressed Plaintiff's carpal tunnel syndrome.  This determination was supported by substantial evidence.

Likewise, the ALJ adequately considered Plaintiff's inability to stand for long periods of time in fashioning Plaintiff's residual functional capacity.  The residual functional capacity acknowledges that Plaintiff must be allowed to change from standing to sitting "at will" in order to alleviate pain.  (R25).  Plaintiff argues the ALJ insufficiently considered whether this restriction would allow Plaintiff to remain "on task."  But the ALJ and the vocational expert discussed various careers (as a Cashier, Office Helper, or Machine Feeder) specifically in light of this restriction.  (*See* R30 ("The vocational expert testified that the national job numbers for the representative occupations noted above are reduced to account for the sit/stand option."); R57 (discussing jobs that could be performed with the sitting restriction)).  And by considering these occupations within a framework where Plaintiff could sit down "at will," the ALJ avoided the need to determine how long Plaintiff needed to stand before sitting.  The formulation of the hypothetical allowed Plaintiff to sit when he needed to, regardless of whether that was once an

hour or twice a work day.[3]  The ALJ's determination on this point was supported by substantial evidence.

The ALJ doubted Plaintiff's credibility.  In particular, the ALJ noted how Plaintiff had helped a farmer gather hay, worked on a loading dock, helped a farmer herd cattle, used a log splitting machine, and gone hunting.  (R26–27).  The ALJ found this conduct was inconsistent with certain of Plaintiff's subjective statements, including his statements that he needed to elevate his left foot six to seven hours a day and could only stand five to ten minutes.  Plaintiff disagrees with the ALJ's characterization of some of this conduct, but the ALJ's account is substantiated by the record.  (*See* R1290–91, 1299, 1343, 1356, and 1362).  It is not the role of this Court "to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  The evidence cited by the ALJ provided substantial evidence that demonstrated why he did not find Plaintiff credible.  The ALJ properly explained the weight he assigned to different parts of the record, *c.f. Monroe*, 826 F.3d at 191, and so this objection will be overruled.

Finally, Plaintiff also briefly objects that the ALJ insufficiently considered conflicting medical evidence.  But other than the above subjective statements the ALJ did not find credible, Plaintiff does not identify specifically what medical evidence the ALJ neglected to consider. The Court has reviewed the record and concludes the "ALJ has applied the correct legal standards and the ALJ's factual findings are supported by substantial evidence."  *Bird*, 699 F.3d at 340.

---

[3]     This is meaningfully different than *Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016), where the ALJ "simply concluded that Monroe was capable of light work[.]"  *Id.* at 188.  The "at will" condition considered by the ALJ and the vocational expert here takes Plaintiff's limitations seriously in a specific way instead of the vague discussions and general conclusions of *Monroe*.

Accordingly, the objections will be overruled and the Court will adopt Judge Ballou's R&R in full. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Judge Ballou.

Entered this  21st  day of June, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE